[Cite as *Boggs v. Ohio Dept. of Transp.*, 2011-Ohio-2491.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER J. BOGGS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2010-08471-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Christopher J. Boggs, filed this action against defendant contending that his 2000 Mazda MPV van was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Dayton.  Specifically, plaintiff noted that two tires on his van were destroyed when the vehicle struck a pothole, which he located "on I-75 North at the 3rd Street exit."  Glenda F. Boggs, a passenger in the van at the time of the damage incident, provided a written narrative of her recollection of the event.  Glenda Boggs wrote:  "we were traveling slowly in the fast lane on I 75 N headed for the Dayton International Airport when we struck an 8 inch deep pothole in the vicinity of the Third Street exit ramp."  Plaintiff recalled that the described damage event occurred on March 26, 2010 at approximately 4:10 a.m.  In his complaint, plaintiff provided a copy of an "Information Report" compiled by City of Dayton Police Officer, John C. Jezioro, who investigated and chronicled the damage incident forming the basis of this claim.  Jezioro, in the "Information Report," provided a location for the particular damage-causing pothole "in the fast lane on I 75 Northbound approximately 100 yards south of the Third Street exit."  Also, Jezioro advised that the size of the pothole was "12 inches by 12 inches in

diameter and was jagged and at least three inches deep." According to Jezioro, "Dayton Police Dispatch was contacted and was informed to immediately have street maintenance come out to this location and repair this major hazard." Jezioro related that, "[s]treet maintenance arrived on scene and repaired the pothole and then the scene was cleared by all crews." When plaintiff attempted to satisfy his property damage claim with the City of Dayton, he was informed that the site of his damage incident was located within an ODOT construction project area under the control of ODOT contractor, Ruhlin Construction Company (Ruhlin). Plaintiff filed this complaint against defendant seeking to recover $523.43, the cost of replacement parts, towing costs, and related repair expenses he incurred as a result of the March 26, 2010 incident. The filing fee was paid.

{¶ 2} Defendant explained that the location of plaintiff's damage occurrence was near a working construction project area under the control of ODOT contractor, Ruhlin, but that the precise location of the particular pothole on Interstate 75 North was within the maintenance jurisdiction of the City of Dayton. Defendant specifically denied that ODOT is responsible for maintenance of Interstate 75 North at the Third Street Exit in Dayton. Defendant advised ODOT and the City of Dayton entered into a contractual agreement (copy submitted) whereby the City of Dayton agreed to provide maintenance services for the section of Interstate 75 where plaintiff's incident occurred. Defendant pointed out that the "Information Report" compiled by City of Dayton Police Officer, John C. Jezior, wrote City of Dayton personnel were dispatched to the pothole site on Interstate 75 on March 26, 2010 and repaired the defect. Defendant related that "the project limits for the Ruhlin Construction Company (Interstate 75 North) is from mileposts 11.01 to 12.23." According to defendant, the approximate "area that plaintiff hit the pothole is at milepost 12.49." Defendant provided a map of Interstate 75 North showing the construction project area and the general location of plaintiff's incident. This evidence shows that plaintiff's incident was located outside the construction project limits and within the area under the maintenance jurisdiction of the City of Dayton. Other evidence provided, particularly the report from Officer Jezioro locates the damage-causing pothole outside the construction project zone. Defendant submitted a transcript of an interview with plaintiff's son, Dustin Boggs, who was driving plaintiff's van at the time of the March 26, 2010 property damage event. During the course of the

interview, Dustin Boggs located the pothole before the construction site. From all evidence submitted, the trier of fact finds that the location of the damage-causing pothole was not on a roadway area maintained by either ODOT or Ruhlin. The site of the incident was located within the City of Dayton and shown to be the maintenance responsibility of that political subdivision.

{¶ 3} R.C. 2743.01(A) provides:

{¶ 4} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 5} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 6} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 7} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 8} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶ 9} The site of the damage-causing incident was not the maintenance

jurisdiction of defendant. Consequently, plaintiff's case is dismissed. See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER J. BOGGS

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

Case No. 2010-08471-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, this case is DISMISSED. Court costs are assessed against plaintiff.

        _____
        MILES C. DURFEY
        Clerk

Entry cc:

| | |
|---|---|
| Christopher J. Boggs | Jerry Wray, Director |
| 1052 Avery Drive | Department of Transportation |
| Bowling Green, Ohio  43402 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

RDK/laa
1/26
Filed 2/24/11
Sent to S.C. reporter 5/16/11